**BEUS O'CONNOR McGRODER PLLC**
701 North 44th Street
Phoenix, Arizona 85008-6504
Telephone: (480) 429-3000
Thomas A. Gilson (022460)
Travis Roberts (035344)
tgilson@BOMlawgroup.com
troberts@BOMlawgroup.com

**COHEN & GRESSER LLP**
800 Third Avenue
New York, NY 10022
Telephone: (212) 707-1324
Douglas J. Pepe (PHV pending)
David F. Lisner (admitted PHV)
Marvin J. Lowenthal (admitted PHV)

**ROTHWELL, FIGG, ERNST, & MANBECK, P.C.**
901 New York Avenue, NW
Suite 900 East
Washington, D.C. 20001
Telephone: (202) 783-6040
E. Anthony Figg (admitted PHV)
Joseph A. Hynds (admitted PHV)
Brett A. Postal (admitted PHV)

*Attorneys for Defendant Surgenex, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| MiMedx Group, Inc., | No.  2:24-cv-03558-SMB |
| Plaintiff/Counterdefendant, | |
| v. | **SURGENEX, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** |
| Surgenex, LLC, | |
| Defendant/Counterclaimant. | **JURY TRIAL DEMANDED** |

1

Surgenex, LLC ("Surgenex"), Defendant in the above-captioned action, hereby answers the Complaint (the "Complaint") of Plaintiff MiMedx Group, Inc. ("MiMedx") and counterclaims against MiMedx as set forth below. Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. Headings are included as a matter of organization/formatting consistent with the Complaint, and do not require admitting or denying.

Surgenex denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. Surgenex denies that MiMedx is entitled to the relief requested or to any other relief.

## NATURE AND BASIS OF ACTION

1.      Surgenex admits that MiMedx has filed a civil action, denies that any grounds exist for MiMedx's claims, denies the remaining factual allegations of Paragraph 1, if any, and states that the remaining allegations of Paragraph 1 set forth a legal conclusion as to which no response is required.

2.      Surgenex admits that Plaintiff seeks the relief identified in Paragraph No. 2 but denies Plaintiff is entitled to such relief.

## PARTIES

3.      Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 3, and on that basis, Surgenex denies them.

4.      Surgenex denies the allegations of Paragraph No. 4, except Surgenex admits that Surgenex's address is as alleged in Paragraph No. 4.

5.      Surgenex admits that its business includes developing, marketing, distributing, offering to sell, and selling amnion- and chorion-based placental tissue graft products in the United States, including, but not limited to, PelloGraft®, ArdeoGraft®, SurGraft XT®, and SurGraft TL®.

2

**JURISDICTION AND VENUE**

6.      Paragraph No. 6 of the Complaint contains legal conclusions to which no answer is required. To the extent a response is required, Surgenex admits that this civil action of purported patent infringement arises under the patent laws of the United States and that this Court has subject matter jurisdiction over patent infringement claims. Surgenex denies the remainder of the allegations contained in Paragraph No. 6, and expressly denies that it is engaging or has engaged in any acts of patent infringement.

7.      Paragraph No. 7 of the Complaint contains legal conclusions to which no answer is required. To the extent a response is required, Surgenex admits it has its principal place of business in the State of Arizona, and denies the remainder of the allegations contained in Paragraph No. 7.

8.      Paragraph No. 8 of the Complaint contains legal conclusions to which no answer is required. To the extent a response is required, Surgenex admits that it transacts business within the State of Arizona, denies the remainder of the allegations contained in Paragraph No. 8, and expressly denies that it is engaging or has engaged in any acts of patent infringement.

9.      Paragraph No. 9 of the Complaint contains legal conclusions to which no answer is required. To the extent a response is required, Surgenex admits to placing products into the stream of commerce, denies the remainder of the allegations contained in Paragraph No. 9, and expressly denies that it is engaging or has engaged in any acts of patent infringement.

10.      Paragraph No. 10 of the Complaint contains legal conclusions to which no answer is required. To the extent a response is required, Surgenex admits that it owns property and maintains employees in Arizona and markets and sells its products to residents and businesses in Arizona and denies the remainder of the allegations contained in Paragraph No. 10.

11.     Paragraph No. 11 of the Complaint contains legal conclusions to which no answer is required. To the extent a response is required, Surgenex admits it has its principal place of business in the State of Arizona. Surgenex denies the remainder of the allegations contained in Paragraph No. 11.

<strong>BACKGROUND</strong>

**I.    MIMEDX AND ITS PRODUCTS**

12.     Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 12, and on that basis, Surgenex denies them.

13.     Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 13, and on that basis, Surgenex denies them.

14.     Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 14, and on that basis, Surgenex denies them.

15.     Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 15, and on that basis, Surgenex denies them.

16.     Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 16, and on that basis, Surgenex denies them.

17.     Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 17, and on that basis, Surgenex denies them.

18.     Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 18, and on that basis, Surgenex denies them.

19.     Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 19, and on that basis, Surgenex denies them.

20.     Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 20, and on that basis, Surgenex denies them.

**II.    THE PATENTS-IN-SUIT**

21.     Surgenex admits MiMedx is identified as the assignee on the face of each of the Patents-in-Suit. Surgenex is without sufficient information to admit or deny

4

the remainder of the allegations contained in Paragraph No. 21, and on that basis, Surgenex denies them.

22.     Surgenex admits that the U.S. Patent and Trademark Office ("USPTO") records state on their face that United States Patent No. 8,709,494 (the "'494 patent") is entitled "Placental Tissue Grafts," was issued on April 29, 2014, and identifies John Daniel as an inventor. Surgenex denies the remainder of the allegations contained in Paragraph No. 22.

23.     Surgenex admits that the USPTO records state on their face that MiMedx is identified as the assignee of the '494 patent and that Exhibit A purports to be the '494 patent, states that the remainder of Paragraph No. 23 calls for a legal conclusion to which no answer is required, and, to the extent a response is required, denies the remainder of the allegations contained in Paragraph No. 23.

24.     Surgenex admits that USPTO records state on their face that United States Patent No. 9,956,253 (the "'253 patent") is entitled "Placental Tissue Grafts," was issued on May 1, 2018, and identifies John Daniel as an inventor. Surgenex denies the remainder of the allegations contained in Paragraph No. 24.

25.     Surgenex admits that the USPTO records state on their face that MiMedx is identified as the assignee of the '253 patent and that Exhibit B purports to be the '253 patent, states that the remainder of Paragraph No. 25 calls for a legal conclusion to which no answer is required, and, to the extent a response is required, denies the remainder of the allegations contained in Paragraph No. 25

26.     Surgenex admits that USPTO records state on their face that United States Patent No. 10,406,259 (the "'259 patent") is entitled "Placental Tissue Grafts and Improved Methods of Preparing and Using the Same," was issued on September 10, 2019, and identifies on its face John Daniel as an inventor. Surgenex denies the remainder of the allegations contained in Paragraph No. 26.

27.     Surgenex admits that the USPTO records state on their face that MiMedx is identified as the assignee of the '259 patent and that Exhibit C purports to

be the '259 patent, states that the remainder of Paragraph No. 27 calls for a legal conclusion to which no answer is required, and, to the extent a response is required, denies the remainder of the allegations contained in Paragraph No. 27.

28.    Surgenex admits that USPTO records state on their face that United States Patent No. 9,572,839 (the "'839 patent") is entitled "Placental Tissue Grafts and Methods of Preparing and Using the Same," was issued on February 21, 2017, and identifies on its face John Daniel as an inventor. Surgenex denies the remainder of the allegations contained in Paragraph No. 28.

29.    Surgenex admits that the USPTO records state on their face that MiMedx is identified as the assignee of the '839 patent and that Exhibit D purports to be the '839 patent, states that the remainder of Paragraph No. 29 calls for a legal conclusion to which no answer is required, and, to the extent a response is required, denies the remainder of the allegations contained in Paragraph No. 29.

30.    Surgenex admits that USPTO records state on their face that United States Patent No. 11,504,449 (the "'449 patent") is entitled "Placental Tissue Grafts and Methods of Preparing and Using the Same," was issued on November 22, 2022, and identifies on its face John Daniel as an inventor. Surgenex denies the remainder of the allegations contained in Paragraph No. 30.

31.    Surgenex admits that the USPTO records state on their face that MiMedx is identified as the assignee of the '449 patent and that Exhibit E purports to be the '449 patent, states that the remainder of Paragraph No. 31 calls for a legal conclusion to which no answer is required, and, to the extent a response is required, denies the remainder of the allegations contained in Paragraph No. 31.

32.    Surgenex admits that USPTO records state on their face that United States Patent No. 11,752,174 (the "'174 patent") is entitled "Placental Tissue Grafts and Improved Methods of Preparing and Using the Same," was issued on September 12, 2023, and identifies on its face John Daniel, Randall Spencer, John Russo, and

6

Robert Tofe as inventors. Surgenex denies the remainder of the allegations contained in Paragraph No. 32.

33.     Surgenex admits that the USPTO records state on their face that MiMedx is identified as the assignee of the '174 patent and that Exhibit F purports to be the '174 patent, states that the remainder of Paragraph No. 33 calls for a legal conclusion to which no answer is required, and, to the extent a response is required, denies the remainder of the allegations contained in Paragraph No. 33.

34.     Surgenex admits that USPTO records state on their face that United States Patent No. 8,323,701 (the "'701 patent") is entitled "Placental Tissue Grafts," was issued on December 4, 2012, and identifies on its face John Daniel, Randall Spencer, John Russo, and Robert Tofe as inventors. Surgenex denies the remainder of the allegations contained in Paragraph No. 34.

35.     Surgenex admits that the USPTO records state on their face that MiMedx is identified as the assignee of the '701 patent and that Exhibit G purports to be the '701 patent, states that the remainder of Paragraph No. 35 calls for a legal conclusion to which no answer is required, and, to the extent a response is required, denies the remainder of the allegations contained in Paragraph No. 35.

36.     Surgenex admits that USPTO records state on their face that United States Patent No. 9,789,137 (the "'137 patent") is entitled "Placental Tissue Grafts and Improved Methods of Preparing and Using the Same," was issued on October 17, 2017, and identifies on its face John Daniel, Randall Spencer, John Russo, and Robert Tofe as inventors. Surgenex denies the remainder of the allegations contained in Paragraph No. 36.

37.     Surgenex admits that the USPTO records state on their face that MiMedx is identified as the assignee of the '137 patent and that Exhibit H purports to be the '137 patent, states that the remainder of Paragraph No. 37 calls for a legal conclusion to which no answer is required, and, to the extent a response is required, denies the remainder of the allegations contained in Paragraph No. 37.

7

38.    Surgenex admits that USPTO records state on their face that United States Patent No. 10,874,697 (the "'697 patent") is entitled "Placental Tissue Grafts and Improved Methods of Preparing and Using the Same," was issued on December 29, 2020, and identifies on its face John Daniel, Randall Spencer, John Russo, and Robert Tofe as inventors. Surgenex denies the remainder of the allegations contained in Paragraph No. 38.

39.    Surgenex admits that the USPTO records state on their face that MiMedx is identified as the assignee on the face of the '697 patent and that Exhibit I purports to be the '697 patent, states that the remainder of Paragraph No. 39 calls for a legal conclusion to which no answer is required, and, to the extent a response is required, denies the remainder of the allegations contained in Paragraph No. 39.

### A.    BACKGROUND ON PATENTS-IN-SUIT

40.    Paragraph No. 40 contains MiMedx's characterization of the subject of matter of the Patents-in-Suit, to which no response is required.  To the extent a response is required, Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 40, except Surgenex admits that Paragraph 40 of the Complaint contains what purports to be an illustration from Rebecca N. Baergen, *Manual of Pathology of the Human Placenta* at 104 (2d ed. 2011). Surgenex denies the remainder of the allegations contained in Paragraph No. 40.

41.    Surgenex admits that the illustration cited in Paragraph 40 of the Complaint includes portions labeled as "Amnionic epithelium," "Basement membrane," "Compact stromal layer," and "Fibroblast layer." Surgenex denies the remainder of the allegations contained in Paragraph No. 41.

42.    Surgenex admits that the illustration cited in Paragraph 40 of the Complaint shows the amnionic epithelium is in contact with the basement membrane. Surgenex denies the remainder of the allegations contained in Paragraph No. 42.

43. Surgenex admits that the illustration cited in Paragraph 40 of the Complaint shows the basement membrane is attached to the amnionic epithelium. Surgenex denies the remainder of the allegations contained in Paragraph No. 43.

44. Surgenex admits that the illustration cited in Paragraph 40 of the Complaint shows the compact stromal layer is located beneath the basement membrane. Surgenex denies the remainder of the allegations contained in Paragraph No. 44.

45. Surgenex admits that the illustration cited in Paragraph 40 of the Complaint includes portions labeled as "Intermediate spongy layer," "Amnionic mesoderm," and "Chorionic mesoderm," and that said illustration shows that the intermediate spongy layer is positioned between the fibroblast layer of the amnionic mesoderm and the chorionic mesoderm. Surgenex denies the remainder of the allegations contained in Paragraph No. 45.

46. Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No 46, and on that basis, Surgenex denies them.

B. **The '494 Patent**

47. Surgenex admits that the claims of the '494 patent on their face purport to be directed to placental tissue grafts derived from the amnion and chorion layers of the native human placenta. Surgenex admits that the '494 patent on its face states, "[t]he placenta has two primary layers of tissue including amniotic membrane and chorion," at 1:36-37. Surgenex admits that the '494 patent on its face states, "[h]istological evaluation indicates that the membrane layers of the amniotic membrane consist of epithelium cells, thin reticular fibers (basement membrane), a thick compact layer, and fibroblast layer," at 1:40-43. While Surgenex admits the '494 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex denies the remainder of the allegations contained in Paragraph No. 47.

48.     Surgenex admits that the '494 patent on its face states, "[a]mniotic membrane and chorion tissue provide unique grafting characteristics when used for surgical procedures, including providing a matrix for cellular migration/proliferation, providing a natural biological barrier, are non-immunogenic, promote increased self-healing, are susceptible of being fixed in place using different techniques including fibrin glue or suturing," at 1:49-55. Surgenex admits that the '494 patent on its face states, "[a]nd, such grafts, when properly prepared, can be stored at room temperature for extended periods of time, without need for refrigeration or freezing, until needed for a surgical procedure," at 1:55-58. While Surgenex admits the '494 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex denies the remainder of the allegations contained in Paragraph No. 48.

49.     Surgenex admits that the '494 Patent purports to be directed to a method for preparing placental tissue grafts for medical use, and discusses the steps listed in Paragraph 49 of the Complaint. Surgenex denies the remainder of the allegations contained in Paragraph No. 49.

50.     Surgenex admits that the '494 patent on its face states, "improved procedures for harvesting, processing, and preparing amnion and/or chorion tissue for later surgical grafting procedures," at 2:4-6. Surgenex admits that the '494 patent on its face states, "are comprised of single layers of amnion or chorion, multiple layers of amnion or chorion, or multiple layers of a combination of amnion and chorion," at 2:37-39. Surgenex admits that the '494 patent on its face states, "[t]he placenta is gently massaged," at 6:16, "the amnion and chorion layers of the placenta tissue are then carefully separated," at 6:33-34, "[c]are is then taken to remove blood clots," at 6:56, "blood clots are carefully removed," at 6:60-61, and "by gently rubbing the blood until it is free," at 6:62-63." While Surgenex admits the '494 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex denies the remainder of the allegations contained in Paragraph No. 50.

10

51.     Surgenex admits that the '494 patent on its face purports to discuss an "Initial Tissue Collection" step and a "Material Check-In and Evaluation" step at 5:5-54. Surgenex admits that the '494 patent on its face purports to discuss a step where "the amnion and chorion layers of the placenta tissue are then carefully separated" at 6:33-34. While Surgenex admits the '494 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex denies the remainder of the allegations contained in Paragraph No. 51.

52.     Surgenex admits that the '494 patent on its face states, "[i]n some embodiments, the method further includes the step of after separation of the chorion tissue layer from the amniotic membrane layer, physically cleaning the selected layer to remove blood clots and other contaminates," at 3:10-14. Surgenex admits that the '494 patent on its face states, "[c]are is then taken to remove blood clots and other extraneous tissue from each layer of tissue until the amniotic membrane tissue and the chorion are clean and ready for further processing. More specifically, the amnion and chorion tissues are placed on the processing tray and blood clots are carefully removed using a blunt instrument, a finger, or a sterile non-particulating gauze, by gently rubbing the blood until it is free from the stromal tissue of the amnion and from the trophoblast tissue of the chorion. The stromal layer of the amnion is the side of the amniotic membrane that faces the mother. In contrast, the basement membrane layer is the side of the amnion that faces the baby. Using a blunt instrument, a cell scraper or sterile gauze, any residual debris or contamination is also removed. This step must be done with adequate care, again, so as not to tear the amnion or chorion tissues. The cleaning of the amnion is complete once the amnion tissue is smooth and opaque-white in appearance. If the amnion tissue is cleaned too much, the opaque layer can be removed. Any areas of the amnion cleaned too aggressively and appear clear will be unacceptable and will ultimately be discarded," at 6:56-7:9. Surgenex admits that the '494 patent on its face states, "[p]referably, the placenta is cleaned in a hyperisotonic solution wherein the hyperisotonic solution comprises NaCl concentration in a range

11

of from about 30% to about 10%," at 3:1-3, and "[i]f the rocket platform was not in the critical environment (e.g., the manufacturing hood), the Nalgene jar is returned to the critical/sterile environment and opened. Using sterile forceps, the tissue is gently removed from the Nalgene jar containing the 18% hyperisotonic saline solution and placed into an empty Nalgene jar," at 7:25-30. While Surgenex admits the '494 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex denies the remainder of the allegations contained in Paragraph No. 52.

53.    Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 53, and on that basis, Surgenex denies them.

54.    Surgenex admits that the '494 patent on its face states, "[i]n some embodiments, the method further comprises the step of, after separation of the chorion tissue layer from the amniotic membrane layer, soaking the selected layer in an antibiotic solution. Optionally, the method then also includes the step of rinsing the selected layer to remove the antibiotic solution," at 3:4-9. Surgenex admits that the '494 patent on its face states, "[t]his empty Nalgenejar with the tissue is then aseptically filled with a pre-mixed antibiotic solution. Preferably, the premixed antibiotic solution is comprised of a cocktail of antibiotics, such as Streptomycin Sulfate and Gentamicin Sulfate. Other antibiotics, such as Polymixin B Sulfate and Bacitracin, or similar antibiotics now available or available in the future, are also suitable. Additionally, it is preferred that the antibiotic solution be at room temperature when added so that it does not change the temperature of or otherwise damage the tissue. This jar or container containing the tissue and antibiotics is then sealed or closed and placed on a rocker platform and agitated for, preferably, between 60 and 90 minutes. Such rocking or agitation of the tissue within the antibiotic solution further cleans the tissue of contaminants and bacteria. Again, if the rocker platform was not in the critical environment (e.g., the manufacturing hood), the jar or container containing the tissue and antibiotics is then returned to the critical/sterile environment and opened.

12

Using sterile forceps, the tissue is gently removed from the jar or container and placed in a sterile basin containing sterile water or normal saline (0.9% saline solution). The tissue is allowed to soak in place in the sterile water/normal saline solution for at least 10 to 15 minutes. The tissue may be slightly agitated to facilitate removal of the antibiotic solution and any other contaminants from the tissue. After at least 10 to 15 minutes, the tissue is ready to be dehydrated and processed further," at 7:30-56. While Surgenex admits the '494 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex denies the remainder of the allegations contained in Paragraph No. 54.

55.    Surgenex admits that the '494 patent on its face states, "[i]n another feature, the method further comprises the step of mounting one or more additional layers of chorion tissue or amniotic layer onto the surface of the drying fixture prior to the step of dehydration to create a plurality of laminated placenta membrane tissue grafts having a thickness and strength greater than a single layer of placenta membrane tissue grafts," at 3:33-39. While Surgenex admits the '494 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex denies the remainder of the allegations contained in Paragraph No. 55.

C.    **The '253 Patent**

56.    Surgenex admits that the '253 patent on its face purports to be in the same patent family as the '494 patent. Surgenex admits that the '253 patent on its face states, "[t]he placenta is gently massaged," at 6:20-21, "the amnion and chorion layers of the placenta tissue are then carefully separated," at 6:37-38, "[c]are is then taken to remove blood clots," at 6:62, "blood clots are carefully removed using a blunt instrument," at 6:66-67, and "by gently rubbing the blood until it is free from the stromal tissue," at 7:1-2. While Surgenex admits the '253 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph No. 56, and on that basis, Surgenex denies them.

13

D.    **The '259 Patent**

57.    Surgenex admits that the '259 patent on its face purports to be in the same patent family as the '494 patent. Surgenex admits that the '259 patent on its face states, "[t]o the extent possible, oxygen is removed from the inner pouch before it is sealed," at 9:66-67, and "[i]n practice, it has been determined that the above allograft materials can be stored in room temperature conditions safely for at least five (5) years," at 10:31-33. While Surgenex admits the '259 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph No. 57, and on that basis, Surgenex denies them.

E.    **The '839 Patent**

58.    Surgenex admits that the '839 patent on its face purports to be in the same patent family as the '494 patent. Surgenex admits that the '839 patent on its face states, "multiple layers of . . . chorion," at 2:46. Surgenex admits that the '839 patent on its face states, "[t]he placenta is gently massaged," at 6:21-22, "the amnion and chorion layers of the placenta tissue are then carefully separated," at 6:38-39, "[c]are is then taken to remove blood clots," at 6:63, "blood clots are carefully removed using a blunt instrument," at 6:67-7:1, and "by gently rubbing the blood until it is free from the stromal tissue," at 7:2-3. While Surgenex admits the '839 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph No. 58, and on that basis, Surgenex denies them.

F.    **The '449 Patent**

59.    Surgenex admits that the '449 patent on its face purports to be in the same patent family as the '494 patent. Surgenex admits that the '449 patent on its face states, "multiple layers of . . . chorion," at 2:46. Surgenex admits that the '449 patent on its face states, "[t]he amniotic membrane tissue is then placed into a sterile Nalgene

14

jar for the next step of chemical decontamination," at 7:19-20, "[t]his empty Nalgene jar with the tissue is then aseptically filled with a pre-mixed antibiotic solution," at 7:36-38, and "[n]ext, the now-rinsed tissue (whether it be the amniotic membrane or chorion tissue) is ready to be dehydrated," at 7:65-66. Surgenex admits that the '449 patent on its face states, "[i]n practice, it has been determined that the above allograft materials can be stored in room temperature conditions safely for at least five (5) years," at 10:27-29. While Surgenex admits the '449 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph No. 59, and on that basis, Surgenex denies them.

G.    **The '701 Patent**

60.    Surgenex admits that the claims of the '701 patent on their face purport to be directed to placental tissue grafts derived from the amnion layer of the native human placenta, among other additional membranes. Surgenex denies the remainder of the allegations contained in Paragraph No. 60.

61.    Surgenex admits that the '701 patent on its face purports to discuss amnion and chorion at 1:25-37. Surgenex admits that the '701 patent on its face purports to discuss separation, cleaning, dehydration, and lamination at 3:6-26, 4:48-60, 5:1-23, 5:58-6:48, and 6:60-8:3. Surgenex is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph No. 61, and on that basis, Surgenex denies them.

62.    Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 62, and on that basis, Surgenex denies them.

63.    Surgenex admits that the '701 patent on its face states, "composed of at least one layer of amnion tissue where the epithelium layer has been substantially removed in order to expose the basement layer to host cells," at 1:65-67. Surgenex admits that the '701 patent on its face purports to discuss removing epithelial cells from an amnion layer to expose the basement membrane in certain embodiments, and

purports to discuss that cells from the host can more readily interact with the cell-adhesion bio-active factors located on the top and within the basement membrane at Abstract, 1:64-2:24, 5:25-31, and 10:42-11:3. While Surgenex admits the '701 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex denies the remainder of the allegations contained in Paragraph No. 63.

64.    Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 64, and on that basis, Surgenex denies them.

65.    Surgenex admits that the '701 patent on its face states, "[p]rior to removal of the epithelium, the fibroblast layer is identified by gently contacting each side of the membrane with a piece of sterile gauze or a cotton tipped applicator. The fibroblast layer will stick to the test material. The amnion is placed into processing tray fibroblast layer down. Using a blunt instrument, a cell scraper or sterile gauze, any residual blood is also removed. This step must be done with adequate care, again, so as not to tear the amnion or chorion tissues. The cleaning of the amnion is complete once the amnion tissue is smooth and opaque-white in appearance. If the amnion tissue is cleaned too much, the jelly-like fibroblast layer can be removed. Any areas of the amnion cleaned too aggressively and appear clear will be unacceptable and will ultimately be discarded," at 5:10-23. While Surgenex admits the '701 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex denies the remainder of the allegations contained in Paragraph No. 65.

H.    **The '174 Patent**

66.    Surgenex admits that the '174 patent on its face purports to be in the same patent family as the '701 patent. Surgenex admits that the '174 patent on its face purports to discuss that placental tissue grafts may be modified with a "small gauge needle, or punch" to comprise a "plurality of holes," at 9:53-56. While Surgenex admits the '174 patent includes the above-quoted language, Surgenex denies that the

16

statements are correct and/or complete. Surgenex is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph No. 66, and on that basis, Surgenex denies them.

67. Surgenex is without sufficient information to admit or deny the allegations contained in Paragraph No. 67, and on that basis, Surgenex denies them.

### I.   **The '137 Patent**

68. Surgenex admits that the '137 patent on its face purports to be in the same patent family as the '701 patent. Surgenex denies that the '137 patent "notes that the use of sutures is optional," at 11:38-39. Surgenex is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph No. 68, and on that basis, Surgenex denies them.

### J.   **The '697 Patent**

69. Surgenex admits that the '697 patent on its face purports to be in the same patent family as the '701 patent. Surgenex admits that the '697 patent on its face purports to discuss that placental tissue grafts may be modified with a "small gauge needle, or punch" to comprise a "plurality of holes," at 9:50-53. While Surgenex admits the '697 patent includes the above-quoted language, Surgenex denies that the statements are correct and/or complete. Surgenex is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph No. 69, and on that basis, Surgenex denies them.

### III.   SURGENEX

70. Surgenex admits the allegations of Paragraph No. 70.

71. Surgenex admits that its website's "About" page states, in part, that Surgenex is a "contract research and manufacturing organization specializing in human cellular and tissue-based products," and "focused on development and commercialization of placental tissue and musculoskeletal based implants." Surgenex denies the remainder of the allegations contained in Paragraph No. 71.

72. Surgenex admits that its website's "About" page states, in part, that "[a]llografts are processed on-site at our 17,500 Sq. Ft. facility with over 5,000 Sq. Ft. of clean room space, and are processed in accordance with current Good Tissue Practices under aseptic conditions compliant with AORN standards." Surgenex admits the screen shot reproduced in Paragraph No. 72 of the Complaint purports to be a screen shot from Surgenex's website. Surgenex denies the remainder of the allegations contained in Paragraph No. 72.

73. Surgenex admits that its website, in part, contains the quoted language, and otherwise denies the allegations of Paragraph No. 73.

74. Surgenex admits that it manufactures, sells, and offers for sale placental allograft products comprising amnion and/or chorion. Surgenex denies the remainder of the allegations contained in Paragraph No. 74.

75. Surgenex admits that Paragraph No. 75 of the Complaint includes an excerpted image from Surgenex's product materials depicting Surgenex's process for obtaining donor tissue and denies the remainder of the allegations contained in Paragraph No. 75.

76. Surgenex admits the figure contained in Paragraph No. 75 of the Complaint appears to be taken from a PelloGraft® product flyer and that a similar figure is shown in ArdeoGraft® product flyers and denies the remainder of the allegations contained in Paragraph No. 76.

77. Surgenex admits the screen shot reproduced in Paragraph No. 77 of the Complaint purports to be from Surgenex's website. Surgenex admits that step 1 of the figure in Paragraph 75 of the Complaint identifies on its face, in part, "Screening" donors. Surgenex denies the remainder of the allegations contained in Paragraph No. 77.

78. Surgenex admits the product catalog referenced in Paragraph No. 78 of the Complaint includes, in part, a "Donor Screening Testing List" that includes testing for hepatitis B and C, HIV, HTLV 1, syphilis, HBV, HCV, and West Nile virus.

Surgenex admits that steps 2 and 3 of the figure in Paragraph 75 of the Complaint include, in part, "Birth" and "Acquisition" of placental tissue. Surgenex denies the remainder of the allegations contained in Paragraph No. 78.

79. Surgenex admits the screen shot reproduced in Paragraph No. 79 of the Complaint purports to be from a Surgenex product catalog. Surgenex admits that step 4 of the figure in Paragraph 75 of the Complaint includes, in part, "Processing" placental tissue. Surgenex denies the remainder of the allegations contained in Paragraph No. 79.

80. Surgenex admits that its website on its face states, in part, "[m]inimal manipulation to retain the native biomechanical structure of host tissue" and "[e]xhaustive post-processing rinsing to effectively eliminate processing reagents." Surgenex denies the remainder of the allegations contained in Paragraph No. 80.

81. Surgenex denies the allegations contained in Paragraph No. 81.

82. Surgenex admits that its website on its face states, in part, "lyophilized or dehydrated and subjected to post processing evaluation prior to final packaging." Surgenex denies the remainder of the allegations contained in Paragraph No. 82.

83. Surgenex admits the screen shot reproduced in Paragraph No. 83 of the Complaint purports to be from Surgenex's website. Surgenex admits that, in part, step 5 in the figure in Paragraph 75 of the Complaint includes "Sterilization" "via low dose irradiation." Surgenex denies the remainder of the allegations contained in Paragraph No. 83.

84. Surgenex admits that step 6 of the figure in Paragraph 75 of the Complaint includes, in part, "Donor Eligibility" where "[d]onor medical records are assessed and approved." Surgenex denies the remainder of the allegations contained in Paragraph No. 84.

85. Surgenex admits that step 7 of the figure in Paragraph 75 of the Complaint identifies on its face, in part, "Storage." Surgenex admits that the figure reproduced in Paragraph 85 of the Complaint states on its face, in part, "PelloGraft®

19

is packaged to be stored at ambient temperatures." Surgenex denies the remainder of the allegations contained in Paragraph No. 85.

86.   Surgenex admits that its PelloGraft® product flyer states on its face, in part, that "PelloGraft® promotes optimal healing, serves as a protective barrier, and helps reduce complications in the healing process. It has a five-year shelf life." Surgenex denies the remainder of the allegations contained in Paragraph No. 86.

87.   Surgenex admits that step 8 of the figure in Paragraph 75 of the Complaint identifies on its face, in part, "Shipping," and step 9 identifies on its face, in part, "Application." Surgenex denies the remainder of the allegations contained in Paragraph No. 87.

88.   Surgenex admits that the screenshot reproduced in Paragraph No. 88 of the Complaint purports to be from a Surgenex product catalog that states on its face, in part, "Wound Care," "ArdeoGraft®," "PelloGraft®," "SurGraft XT®," and "SurGraft TL®." Surgenex denies the remainder of the allegations contained in Paragraph No. 88.

**A.     The PelloGraft® Product**

89.   Surgenex admits that it makes, sells, and/or offers to sell the PelloGraft® product in the United States and in this District.

90.   Surgenex admits that the screenshot reproduced in Paragraph 90 of the Complaint purports to be from the PelloGraft® product flyer that states on its face, in part, that the "PelloGraft® is a meticulously designed, dual-layer amnion/chorion derived placental allograft." Surgenex admits the PelloGraft® product is comprised of an amnion layer and a chorion layer, as those terms are used by Surgenex. Surgenex denies the remainder of the allegations contained in Paragraph No. 90.

91.   Surgenex admits the PelloGraft® product is comprised of an amnion layer and a chorion layer, as those terms are used by Surgenex. Surgenex denies the remainder of the allegations contained in Paragraph No. 91.

20

92. Surgenex admits that the chorion and amnion layers, as those terms are used by Surgenex, are cleaned. Surgenex denies the remainder of the allegations in Paragraph No. 92.

93. Surgenex admits that the screenshot reproduced in Paragraph 93 of the Complaint purports to be from a Surgenex product catalog that states on its face, in part, "[m]inimal manipulation to retain the native biomechanical structure of host tissue." Surgenex denies the remainder of the allegations contained in Paragraph No. 93.

94. Surgenex admits that the screenshot reproduced in Paragraph 94 of the Complaint purports to be from a Surgenex product catalog that states on its face, in part, "[t]issue is lyophilized or dehydrated and subjected to post processing evaluation prior to final packaging." Surgenex denies the remainder of the allegations contained in Paragraph No. 94.

95. Surgenex admits that its website states on its face, in part, "PelloGraft® is a meticulously designed, dual-layer amnion/chorion derived placental allograft." Surgenex admits the PelloGraft® product is comprised of an amnion layer and a chorion layer, as those terms are used by Surgenex. Surgenex denies the remainder of the allegations contained in Paragraph No. 95.

96. Surgenex admits that the screenshot reproduced in Paragraph 96 of the Complaint purports to be from the PelloGraft® product flyer that states on its face, in part, "Vented Options & Large Format Sheet Sizes[:] Surgenex® is proud to introduce large format sheet sizes with and without venting, tailored to providers' needs. Venting allows for better wound drainage and easy usage under negative pressure therapy." Surgenex denies the remainder of the allegations contained in Paragraph No. 96.

97. Surgenex admits that the screenshot reproduced in Paragraph 97 of the Complaint purports to be from the PelloGraft® product flyer that states on its face, in part, that the PelloGraft® is available in "16 MM," "2 X 2 CM," "2 X 3 CM," "3 X 4 CM," "4 X 4 CM," "5.5 X 4.5 CM – Vented," "6.5 X 5.5 CM – Vented," and "7.5 X

21

6.5 CM – Vented" sizes. Surgenex denies the remainder of the allegations contained in Paragraph No. 97.

### B. The ArdeoGraft® Product

98.    Surgenex admits that it makes, sells, and/or offers to sell the ArdeoGraft® product in the United States and in this District.

99.    Surgenex admits the ArdeoGraft® product is a dual layer allograft derived from chorion, as those terms are used by Surgenex. Surgenex admits that the screenshots reproduced in Paragraph 99 of the Complaint purport to be excerpted from the ArdeoGraft® product flyer that states on its face, in part, "dual layer allograft derived from chorion" and "Dual Layer Chorion." Surgenex denies the remainder of the allegations contained in Paragraph No. 99.

100.    Surgenex admits the ArdeoGraft® product is a dual layer allograft derived from chorion, as those terms are used by Surgenex. Surgenex denies the remainder of the allegations contained in Paragraph No. 100.

101.    Surgenex admits that the ArdeoGraft® product is processed such that the chorion layers are cleaned, as those terms are used by Surgenex. Surgenex denies the remainder of the allegations in Paragraph No. 101.

102.    Surgenex admits that the screenshot reproduced in Paragraph 102 of the Complaint purports to be from a Surgenex product catalog that states on its face, in part, "[m]inimal manipulation to retain the native biomechanical structure of host tissue." Surgenex denies the remainder of the allegations contained in Paragraph No. 102.

103.    Surgenex admits that the screenshot reproduced in Paragraph 103 of the Complaint purports from a Surgenex product catalog that states on its face, in part, "[t]issue is lyophilized or dehydrated and subjected to post processing evaluation prior to final packaging." Surgenex denies the remainder of the allegations contained in Paragraph No. 103.

104.    Surgenex admits that its ArdeoGraft® placental tissue graft products are dual layer chorion products, as those terms are used by Surgenex. Surgenex denies the remainder of the allegations in Paragraph No. 104.

105.    Surgenex denies the allegations of Paragraph No. 105.

**C.    The SurGraft XT® Product**

106.    Surgenex admits that it makes, sells, and/or offers to sell the SurGraft XT® product in the United States and in this District.

107.    Surgenex admits that the screenshot reproduced in Paragraph 107 of the Complaint purports to be from Surgenex's website that states on its face, in part, "SurGraft XT® is a cutting-edge dual layer allograft sourced from amnion," and "Dual Layer Amnion." Surgenex admits that its SurGraft XT® placental tissue graft products are dual layer amnion products, as those terms are used by Surgenex. Surgenex denies the remainder of the allegations contained in Paragraph No. 107.

108.    Surgenex admits the SurGraft XT® product are dual layer amnion products, as those terms are used by Surgenex. Surgenex denies the remainder of the allegations contained in Paragraph No. 108.

109.    Surgenex admits that the SurGraft XT® product is processed such that the amnion is cleaned, as those terms are used by Surgenex. Surgenex denies the remainder of the allegations in Paragraph No. 109.

110.    Surgenex admits that the screenshot reproduced in Paragraph 110 of the Complaint purports to be from a Surgenex product catalog that states on its face, in part, "[m]inimal manipulation to retain the native biomechanical structure of host tissue." Surgenex denies the remainder of the allegations contained in Paragraph No. 110.

111.    Surgenex admits that the screenshot reproduced in Paragraph 111 of the Complaint purports to be from a Surgenex product catalog that states on its face, in part, "[t]issue is lyophilized or dehydrated and subjected to post processing evaluation

23

prior to final packaging." Surgenex denies the remainder of the allegations contained in Paragraph No. 111.

112. Surgenex admits that its SurGraft XT® placental tissue graft products are dual layer amnion products, as those terms are used by Surgenex. Surgenex denies the remainder of the allegations in Paragraph No. 112.

113. Surgenex admits that the screenshot reproduced in Paragraph 113 of the Complaint purports to be from Surgenex's website that states on its face, in part, "Surgenex® is proud to introduce large format sheet sizes with and without venting, tailored to providers' needs. Venting allows for better wound drainage and easy usage under negative pressure therapy." Surgenex is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph No. 113, and on that basis, Surgenex denies them.

### D. The SurGraft TL® Product

114. Surgenex admits that it makes, sells, and/or offers to sell the SurGraft TL® product in the United States and in this District.

115. Surgenex admits that the screenshot reproduced in Paragraph 114 of the Complaint purports to be from Surgenex's website that states on its face, in part, "Triple-Layer Allograft Innovation," and "SurGraft TL® represents a state-of-the-art triple-layer amnion-derived allograft meticulously designed for wound coverage, serving as a protective barrier and facilitating advanced wound care." Surgenex admits that its SurGraft TL® placental tissue graft products are triple-layer amnion-derived products. Surgenex denies the remainder of the allegations contained in Paragraph No. 115.

116. Surgenex admits the SurGraft TL® product are triple-layer amnion-derived products. Surgenex denies the remainder of the allegations contained in Paragraph No. 116.

117. Surgenex admits that the SurGraft TL® product is processed such that the amnion is cleaned. Surgenex denies the remainder of the allegations in Paragraph No. 117.

118. Surgenex admits that the screenshot reproduced in Paragraph 118 of the Complaint purports to be from a Surgenex product catalog that states on its face, in part, "[m]inimal manipulation to retain the native biomechanical structure of host tissue." Surgenex denies the remainder of the allegations contained in Paragraph No. 118.

119. Surgenex admits that the screenshot reproduced in Paragraph 119 of the Complaint purports to be from a Surgenex product catalog that states on its face, in part, "[t]issue is lyophilized or dehydrated and subjected to post processing evaluation prior to final packaging." Surgenex denies the remainder of the allegations contained in Paragraph No. 119.

120. Surgenex denies the allegations in Paragraph No. 120.

**E.    Allegations Relating to All Surgenex Products**

121. Surgenex denies the allegations of Paragraph No. 121.

122. Surgenex admits that the Patents-in-Suit were disclosed to it by MiMedx as of the date it was served with the Complaint in the present lawsuit and that it has had notice of those patent since at least that date. Surgenex denies the remainder of the allegations contained in Paragraph No. 122.

123. Surgenex admits that the Patents-in-Suit were disclosed to it by MiMedx as of the date it was served with the Complaint in the present lawsuit and that it has had notice of those patents since at least that date. Surgenex denies the remainder of the allegations contained in Paragraph No. 123.

124. Surgenex denies the allegations of Paragraph No. 124.

25

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 8,709,494)

125. Surgenex repeats and incorporates by reference, as if fully set forth herein, all of its responses to Paragraphs Nos. 1-124 of the Complaint.

126. Surgenex denies the allegations of Paragraph No. 126.

127. Surgenex denies the allegations of Paragraph No. 127.

128. Surgenex admits that claim 9 of the '494 patent recites the words contained in the block quote contained in Paragraph No. 128 of the Complaint. Surgenex denies the remainder of the allegations contained in Paragraph No. 128.

129. Surgenex denies the allegations of Paragraph No. 129.

130. Surgenex denies the allegations of Paragraph No. 130.

131. Surgenex denies the allegations of Paragraph No. 131.

132. Surgenex denies the allegations of Paragraph No. 132.

133. Surgenex denies the allegations of Paragraph No. 133.

134. Surgenex denies the allegations of Paragraph No. 134.

135. Surgenex denies the allegations of Paragraph No. 135.

136. Surgenex denies the allegations of Paragraph No. 136.

137. Surgenex denies the allegations of Paragraph No. 137.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 9,956,253)

138. Surgenex repeats and incorporates by reference, as if fully set forth herein, all of its responses to Paragraphs 1-137 of the Complaint.

139. Surgenex is without sufficient information to admit or deny the allegations of this paragraph, and on that basis, Surgenex denies the allegations of Paragraph No. 139.

140. Surgenex denies the allegations of Paragraph No. 140.

26

141. Surgenex admits that claim 7 of the '253 patent recites the words contained in the block quote contained in Paragraph No. 141 of the Complaint. Surgenex denies the remainder of the allegations contained in Paragraph No. 141.

142. Surgenex denies the allegations of Paragraph No. 142.

143. Surgenex denies the allegations of Paragraph No. 143.

144. Surgenex denies the allegations of Paragraph No. 144.

145. Surgenex denies the allegations of Paragraph No. 145.

146. Surgenex denies the allegations of Paragraph No. 146.

147. Surgenex denies the allegations of Paragraph No. 147.

148. Surgenex denies the allegations of Paragraph No. 148.

149. Surgenex denies the allegations of Paragraph No. 149.

**COUNT III**

**(INFRINGEMENT OF U.S. PATENT NO. 10,406,259)**

150. Surgenex repeats and incorporates by reference, as if fully set forth herein, all of its responses to Paragraphs Nos. 1-149 of the Complaint.

151. Surgenex is without sufficient information to admit or deny the allegations of this paragraph, and on that basis, Surgenex denies the allegations of Paragraph No. 151.

152. Surgenex denies the allegations of Paragraph No. 152.

153. Surgenex admits that claim 1 of the '259 patent recites the words contained in the block quote contained in Paragraph No. 153 of the Complaint. Surgenex denies the remainder of the allegations contained in Paragraph No. 153.

154. Surgenex denies the allegations of Paragraph No. 154.

155. Surgenex denies the allegations of Paragraph No. 155.

156. Surgenex denies the allegations of Paragraph No. 156.

157. Surgenex denies the allegations of Paragraph No. 157.

158. Surgenex denies the allegations of Paragraph No. 158.

159. Surgenex denies the allegations of Paragraph No. 159.

160. Surgenex denies the allegations of Paragraph No. 160.

161. Surgenex denies the allegations of Paragraph No. 161.

162. Surgenex denies the allegations of Paragraph No. 162.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 9,572,839)

163. Surgenex repeats and incorporates by reference, as if fully set forth herein, all of its responses to Paragraphs Nos. 1-162 of the Complaint.

164. Surgenex is without sufficient information to admit or deny the allegations of this paragraph, and on that basis, Surgenex denies the allegations of Paragraph No. 164.

165. Surgenex denies the allegations of Paragraph No. 165.

166. Surgenex admits that claim 1 of the '839 patent recites the words contained in the block quote contained in Paragraph No. 166 of the Complaint. Surgenex denies the remainder of the allegations contained in Paragraph No. 166.

167. Surgenex denies the allegations of Paragraph No. 167.

168. Surgenex denies the allegations of Paragraph No. 168.

169. Surgenex denies the allegations of Paragraph No. 169.

170. Surgenex denies the allegations of Paragraph No. 170.

171. Surgenex denies the allegations of Paragraph No. 171.

172. Surgenex denies the allegations of Paragraph No. 172.

173. Surgenex denies the allegations of Paragraph No. 173.

## COUNT V

### (INFRINGEMENT OF U.S. PATENT NO. 11,504,449)

174. Surgenex repeats and incorporates by reference, as if fully set forth herein, all of its responses to Paragraphs Nos. 1-173 of the Complaint.

175. Surgenex is without sufficient information to admit or deny the allegations of this paragraph, and on that basis, Surgenex denies the allegations of Paragraph No. 175.

176. Surgenex denies the allegations of Paragraph No. 176.

177. Surgenex admits that claim 1 of the '449 patent recites the words contained in the block quote contained in Paragraph No. 177 of the Complaint. Surgenex denies the remainder of the allegations contained in Paragraph No. 177.

178. Surgenex denies the allegations of Paragraph No. 178.

179. Surgenex denies the allegations of Paragraph No. 179.

180. Surgenex denies the allegations of Paragraph No. 180.

181. Surgenex denies the allegations of Paragraph No. 181.

182. Surgenex denies the allegations of Paragraph No. 182.

183. Surgenex denies the allegations of Paragraph No. 183.

184. Surgenex denies the allegations of Paragraph No. 184.

## COUNT VI

### (INFRINGEMENT OF U.S. PATENT NO. 11,752,174)

185. Surgenex repeats and incorporates by reference, as if fully set forth herein, all of its responses to Paragraphs Nos. 1-184 of the Complaint.

186. Surgenex is without sufficient information to admit or deny the allegations of this paragraph, and on that basis, Surgenex denies the allegations of Paragraph No. 186.

187. Surgenex denies the allegations of Paragraph No. 187.

188. Surgenex admits that claim 1 of the '174 patent recites the words contained in the block quote contained in Paragraph No. 188 of the Complaint. Surgenex denies the remainder of the allegations contained in Paragraph No. 188.

189. Surgenex denies the allegations of Paragraph No. 189.

190. Surgenex denies the allegations of Paragraph No. 190.

191. Surgenex denies the allegations of Paragraph No. 191.

192. Surgenex denies the allegations of Paragraph No. 192.

193. Surgenex denies the allegations of Paragraph No. 193.

194. Surgenex denies the allegations of Paragraph No. 194.

195. Surgenex denies the allegations of Paragraph No. 195.

196. Surgenex denies the allegations of Paragraph No. 196.

## COUNT VII

### (INFRINGEMENT OF U.S. PATENT NO. 8,323,701)

197. Surgenex repeats and incorporates by reference, as if fully set forth herein, all of its responses to Paragraphs Nos. 1-196 of the Complaint.

198. Surgenex is without sufficient information to admit or deny the allegations of this paragraph, and on that basis, Surgenex denies the allegations of Paragraph No. 198.

199. Surgenex denies the allegations of Paragraph No. 199.

200. Surgenex admits that claim 1 of the '701 patent recites the words contained in the block quote contained in Paragraph No. 200 of the Complaint. Surgenex denies the remainder of the allegations contained in Paragraph No. 200.

201. Surgenex denies the allegations of Paragraph No. 201.

202. Surgenex denies the allegations of Paragraph No. 202.

203. Surgenex denies the allegations of Paragraph No. 203.

204. Surgenex denies the allegations of Paragraph No. 204.

205. Surgenex denies the allegations of Paragraph No. 205.

206. Surgenex denies the allegations of Paragraph No. 206.

207. Surgenex denies the allegations of Paragraph No. 207.

## COUNT VIII

### (INFRINGEMENT OF U.S. PATENT NO. 9,789,137)

208. Surgenex repeats and incorporates by reference, as if fully set forth herein, all of its responses to Paragraphs Nos. 1-207 of the Complaint.

209. Surgenex is without sufficient information to admit or deny the allegations of this paragraph, and on that basis, Surgenex denies the allegations of Paragraph No. 209.

210. Surgenex denies the allegations of Paragraph No. 210.

211. Surgenex admits that claim 1 of the '137 patent recites the words contained in the block quote contained in Paragraph No. 211 of the Complaint. Surgenex denies the remainder of the allegations contained in Paragraph No. 211.

212. Surgenex denies the allegations of Paragraph No. 212.

213. Surgenex denies the allegations of Paragraph No. 213.

214. Surgenex denies the allegations of Paragraph No. 214.

215. Surgenex denies the allegations of Paragraph No. 215.

216. Surgenex denies the allegations of Paragraph No. 216.

217. Surgenex denies the allegations of Paragraph No. 217.

218. Surgenex denies the allegations of Paragraph No. 218.

## COUNT IX

### (INFRINGEMENT OF U.S. PATENT NO. 10,874,697)

219. Surgenex repeats and incorporates by reference, as if fully set forth herein, all of its responses to Paragraphs Nos. 1-218 of the Complaint.

220. Surgenex is without sufficient information to admit or deny the allegations of this paragraph, and on that basis, Surgenex denies the allegations of Paragraph No. 220.

221. Surgenex denies the allegations of Paragraph No. 221.

222. Surgenex admits that claim 1 of the '697 patent recites the words contained in the block quote contained in Paragraph No. 222 of the Complaint. Surgenex denies the remainder of the allegations contained in Paragraph No. 222.

223. Surgenex denies the allegations of Paragraph No. 223.

224. Surgenex denies the allegations of Paragraph No. 224.

225. Surgenex denies the allegations of Paragraph No. 225.

226. Surgenex denies the allegations of Paragraph No. 226.

227. Surgenex denies the allegations of Paragraph No. 227.

228. Surgenex denies the allegations of Paragraph No. 228.

31

## PRAYER FOR RELIEF

Surgenex denies MiMedx is entitled to any of the relief requested in the Prayer for Relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Further answering the Complaint, Surgenex asserts the following affirmative defenses. Surgenex specifically reserves the right to amend its Answer as additional information becomes known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

229. MiMedx's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Non-Infringement)

230. Surgenex does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of U.S. Patent No. 8,709,494 (the "'494 patent").

231. Surgenex does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of U.S. Patent No. 9,956,253 (the "'253 patent").

232. Surgenex does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of U.S. Patent No. 10,406,259 (the "'259 patent").

233. Surgenex does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents,

32

and is not liable for infringement of any valid and enforceable claim of U.S. Patent No. 9,572,839 (the "'839 patent").

234. Surgenex does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of U.S. Patent No. 11,504,449 (the "'449 patent").

235. Surgenex does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of U.S. Patent No. 11,752,174 (the "'174 patent").

236. Surgenex does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of U.S. Patent No. 8,323,701 (the "'701 patent").

237. Surgenex does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of U.S. Patent No. 9,789,137 (the "'137 patent").

238. Surgenex does not infringe and has not infringed (directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of U.S. Patent No. 10,874,697 (the "'697 patent").

### THIRD AFFIRMATIVE DEFENSE

#### (Invalidity)

239. The '494 patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or under the doctrine of obviousness-type double patenting, which will be set forth in detail in

Surgenex's Invalidity Contentions at the appropriate time under the Court's Scheduling Order.

240. The '253 patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or under the doctrine of obviousness-type double patenting, which will be set forth in detail in Surgenex's Invalidity Contentions at the appropriate time under the Court's Scheduling Order.

241. The '259 patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or under the doctrine of obviousness-type double patenting, which will be set forth in detail in Surgenex's Invalidity Contentions at the appropriate time under the Court's Scheduling Order.

242. The '839 patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or under the doctrine of obviousness-type double patenting, which will be set forth in detail in Surgenex's Invalidity Contentions at the appropriate time under the Court's Scheduling Order.

243. The '449 patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or under the doctrine of obviousness-type double patenting, which will be set forth in detail in Surgenex's Invalidity Contentions at the appropriate time under the Court's Scheduling Order.

244. The '174 patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or under the doctrine of obviousness-type double patenting, which will be set forth in detail in Surgenex's Invalidity Contentions at the appropriate time under the Court's Scheduling Order.

34

245. The '701 patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or under the doctrine of obviousness-type double patenting, which will be set forth in detail in Surgenex's Invalidity Contentions at the appropriate time under the Court's Scheduling Order.

246. The '137 patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or under the doctrine of obviousness-type double patenting, which will be set forth in detail in Surgenex's Invalidity Contentions at the appropriate time under the Court's Scheduling Order.

247. The '697 patent is invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, 115, 116, and/or under the doctrine of obviousness-type double patenting, which will be set forth in detail in Surgenex's Invalidity Contentions at the appropriate time under the Court's Scheduling Order.

## FOURTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

248. MiMedx's claims of patent infringement are barred in whole or in part by the equitable doctrines of waiver, estoppel, laches, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

249. MiMedx is estopped, based on statements, representations, and admissions made during the prosecution of the patent applications resulting in the Patents-in-Suit and/or any related patents and applications, from asserting any construction of any of the claims of the Patents-in-Suit that contradicts or is inconsistent with arguments made during prosecution of the patent applications resulting in the Patents-in-Suit and/or any related patents and applications.

35

**SIXTH AFFIRMATIVE DEFENSE**

**(No Injunction)**

250. MiMedx is not entitled to an injunction with respect to the Patents-in-Suit under any theory because MiMedx has not suffered and will not suffer irreparable harm, MiMedx is not without any adequate remedy at law, and public policy concerns weigh against injunctive relief.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Not an Exceptional Case)**

251. If MiMedx is entitled to any remedy, it is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Limitations on Damages Under 35 U.S.C. § 287)**

252. Upon information and belief, MiMedx has failed to mark articles in accordance with the requirements of 35 U.S.C. § 287. MiMedx's claims are barred or limited under 35 U.S.C. § 287.

**NINTH AFFIRMATIVE DEFENSE**

**(Improper Inventorship)**

253. One or more of the Patents-in-Suit is invalid, void, or unenforceable for failure to comply with inventorship requirements.

**TENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

254. Surgenex affirmatively alleges that Plaintiff's allegations fail to state a claim or cause of action for punitive damages and, therefore, those claims for damages should be dismissed.

255. Surgenex reserves the right to add or amend this list of Affirmative Defenses with additional defenses based upon further investigation including, but not limited to, defenses that may be revealed through discovery, including, but not limited

36

to: lack of subject matter jurisdiction and/or personal jurisdiction, license, accord and satisfaction, release, first-sale, misuse, statute of limitations, illegality, res judicata, spoliation, failure to join a necessary or proper party, failure to comply with statutory requirements, and insufficiency of process and/or service of process.

## DEFENDANT'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Surgenex, LLC ("Surgenex") counterclaims against MiMedx Group, Inc. ("MiMedx") and, in support thereof, alleges as follows on knowledge with respect to its own actions, and on information and belief as to the actions of others, as follows:

## INTRODUCTION

1. MiMedx's assertion of baseless patent infringement claims is the latest in a series of malicious actions taken by MiMedx in an attempt to inappropriately limit competition in the medical allograft industry.

2. Surgenex is an industry leading contract research and manufacturing organization specializing in human cellular and tissue-based products.

3. Surgenex is also an industry leading biotechnology firm focused on the development and commercialization of placental tissue and musculoskeletal based implants meeting stringent quality and safety standards.

4. Surgenex offers several allograft membrane products, including the PelloGraft®, SanoGraft®, ArdeoGraft®, SurGraft XT®, SurGraft FT®, and SurGraft TL®, among others.

5. Surgenex's process for manufacturing its allograft products differs in key ways from the processes described in the patents-at-issue in MiMedx's Complaint.

6. But even if Surgenex's manufacturing process were not meaningfully different from MiMedx's, the patents MiMedx relies upon in its Complaint are invalid and unenforceable and so cannot form the basis for any infringement claim.

7. These counterclaims seek declaratory judgment of non-infringement, invalidity, and unenforceability relating to United States Patent Nos. 8,709,494 ("the

'494 patent"); 9,956,253 ("the '253 patent"); 10,406,259 ("the '259 patent"); 9,572,839 ("the '839 patent"); 11,504,449 ("the '449 patent"); 11,752,174 ("the '174 patent"); 8,323,701 ("the '701 patent"); 9,789,137 ("the '137 patent"); and 10,874,697 ("the '697 patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

8.    Plaintiff/Counterdefendant MiMedx is a corporation organized and existing under the laws of the State of Florida. MiMedx is registered to do business in the State of Georgia and maintains its headquarters and principal place of business at 1775 West Oak Commons Court, Marietta, Georgia 30062.

9.    Defendant/Counterclaimant Surgenex is a limited liability company organized and existing under the laws of the State of Arizona with its principal place of business at 15444 North 76th Street, Suite C110, Scottsdale, Arizona 85260. Its sole member is Surgenex Holdings, LLC, an Arizona person.

## JURISDICTION AND VENUE

10.    Surgenex's counterclaims of non-infringement, invalidity, and unenforceability (the "Patent Counterclaims") arise under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11.    This Court has subject matter jurisdiction over the Patent Counterclaims under 28 U.S.C. §§ 1331 (federal question), 1338(a) (patent infringement), 2201(a) and 2202.

12.    An actual, substantial, and continuing justiciable controversy exists between Surgenex and MiMedx based on MiMedx having filed a Complaint against Surgenex accusing Surgenex of infringing one or more of the Patents-in-Suit. Surgenex requires a declaration of its rights by this Court with respect to this actual, substantial, and justiciable controversy.

13. This Court has personal jurisdiction over MiMedx at least because MiMedx has submitted to the personal jurisdiction of this Court by filing the Complaint, which gave rise to these Counterclaims.

14. This Court also has personal jurisdiction over MiMedx at least because, upon information and belief, MiMedx transacts and solicits business in the State of Arizona.

15. Venue is proper in this district under 28 U.S.C. § 1391 because MiMedx is subject to this Court's personal jurisdiction with respect to this civil action and because MiMedx submitted to the venue of this Court by filing the Complaint.

**FIRST COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF THE '494 PATENT**

16. Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

17. Surgenex has not and does not infringe any valid and enforceable claim of the '494 patent.

18. An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether Surgenex has infringed any valid and enforceable claim of the '494 patent.

19. The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

20. Surgenex is entitled to a judicial declaration that Surgenex has not and does not infringe, directly or indirectly, one or more of the claims of the '494 patent.

**SECOND COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '494 PATENT**

21. Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. One or more claims of the '494 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

23. One or more claims of the '494 patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 because each and every element of each and every claim of the '494 patent was disclosed expressly in one or more references and/or products which were publicly available before the earliest priority date of the '494 patent, including but not limited to:

- Liu, Q., et al., US2007/0021762, "Ocular plug formed from placenta derived collagen biofabric";
- Shenaq, S. M., et al., WO1993/010722, "Fetal membrane tubes for nerve and vessel grafts";
- Tseng, S. C. G., U.S. 6,152,142, "Grafts made from amniotic membrane; methods of separating, preserving, and using such grafts in surgeries";
- Hariri, R., et al., US2004/0048796, "Collagen biofabric and methods of preparation and use therefor";
- Sulner, J., et al., US2007/0038298, "Repair of tympanic membrane using placenta derived collagen biofabric";
- Volkov, M.V., "*Arthroplasty of Joints Using Amniotic Membrane*," ARTHROPLASTY OF THE HIP 5 (1973): 53-56;
- Vishwakarma, G. K., et al., "*Amniotic Arthroplasty for Tuberculosis of the Hip*." J. BONE AND JOINT SURGERY 68 (1986): 68-74.
- Miljudin, E. S., et al., "*Silica gel dessication of amniotic membrane with related epithelium cells for ocular surface reconstruction*," CELL AND TISSUE BANK. 5 (2004): 271-75; and
- Klen, R., "*Preparation of chorion and/or amnion grafts used in burns*," Research in Burns, 3rd ed., Chpt. 5 (1971): 289-91.

24. A person of ordinary skill in the art would have been motivated to combine those references and/or products as of the earliest priority date of the '494 patent, and would have had a reasonable expectation of success in doing so.

25.    An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether one or more of the claims of the '494 patent are invalid.

26.    The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

27.    Surgenex is entitled to a judicial declaration that one or more of the claims of the '494 patent are invalid.

**THIRD COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF THE '253 PATENT**

28.    Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

29.    Surgenex has not and does not infringe any valid and enforceable claim of the '253 patent.

30.    An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether Surgenex infringed any valid and enforceable claim of the '253 patent.

31.    The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

32.    Surgenex is entitled to a judicial declaration that Surgenex has not and does not infringe, directly or indirectly, one or more of the claims of the '253 patent.

**FOURTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '253 PATENT**

33.    Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

34.    One or more claims of the '253 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

35.    One or more claims of the '253 patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 because each and every element of each and

41

every claim of the '253 patent was disclosed expressly in one or more references and/or products which were publicly available before the earliest priority date of the '253 patent, including but not limited to:

- Liu, Q., et al., US2007/0021762, "Ocular plug formed from placenta derived collagen biofabric";
- Shenaq, S. M., et al., WO1993/010722, "Fetal membrane tubes for nerve and vessel grafts";
- Tseng, S. C. G., U.S. 6,152,142, "Grafts made from amniotic membrane; methods of separating, preserving, and using such grafts in surgeries";
- Hariri, R., et al., US2004/0048796, "Collagen biofabric and methods of preparation and use therefor";
- Sulner, J., et al., US2007/0038298, "Repair of tympanic membrane using placenta derived collagen biofabric";
- Volkov, M.V., "*Arthroplasty of Joints Using Amniotic Membrane*," ARTHROPLASTY OF THE HIP 5 (1973): 53-56;
- Vishwakarma, G. K., et al., "*Amniotic Arthroplasty for Tuberculosis of the Hip*." J. BONE AND JOINT SURGERY 68 (1986): 68-74.
- Miljudin, E. S., et al., "*Silica gel dessication of amniotic membrane with related epithelium cells for ocular surface reconstruction*," CELL AND TISSUE BANK. 5 (2004): 271-75; and
- Klen, R., "*Preparation of chorion and/or amnion grafts used in burns*," Research in Burns, 3rd ed., Chpt. 5 (1971): 289-91.

36. A person of ordinary skill in the art would have been motivated to combine those references and/or products as of the earliest priority date of the '253 patent, and would have had a reasonable expectation of success in doing so.

37. An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether one or more of the claims of the '253 patent are invalid.

42

38.    The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

39.    Surgenex is entitled to a judicial declaration that one or more of the claims of the '253 patent are invalid.

**FIFTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '259 PATENT**

40.    Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

41.    Surgenex has not and does not infringe any valid and enforceable claim of the '259 patent.

42.    An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether Surgenex infringed any valid and enforceable claim of the '259 patent.

43.    The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

44.    Surgenex is entitled to a judicial declaration that Surgenex has not and does not infringe, directly or indirectly, one or more of the claims of the '259 patent.

**SIXTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '259 PATENT**

45.    Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

46.    One or more claims of the '259 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

47.    One or more claims of the '259 patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 because each and every element of each and every claim of the '259 patent was disclosed expressly in one or more references and/or products which were publicly available before the earliest priority date of the '259 patent, including but not limited to:

43

- Liu, Q., et al., US2007/0021762, "Ocular plug formed from placenta derived collagen biofabric";
- Shenaq, S. M., et al., WO1993/010722, "Fetal membrane tubes for nerve and vessel grafts";
- Tseng, S. C. G., U.S. 6,152,142, "Grafts made from amniotic membrane; methods of separating, preserving, and using such grafts in surgeries";
- Hariri, R., et al., US2004/0048796, "Collagen biofabric and methods of preparation and use therefor";
- Sulner, J., et al., US2007/0038298, "Repair of tympanic membrane using placenta derived collagen biofabric";
- Volkov, M.V., "*Arthroplasty of Joints Using Amniotic Membrane*," ARTHROPLASTY OF THE HIP 5 (1973): 53-56;
- Vishwakarma, G. K., et al., "*Amniotic Arthroplasty for Tuberculosis of the Hip*." J. BONE AND JOINT SURGERY 68 (1986): 68-74.
- Miljudin, E. S., et al., "*Silica gel dessication of amniotic membrane with related epithelium cells for ocular surface reconstruction*," CELL AND TISSUE BANK. 5 (2004): 271-75; and
- Klen, R., "*Preparation of chorion and/or amnion grafts used in burns*," Research in Burns, 3rd ed., Chpt. 5 (1971): 289-91.

48. A person of ordinary skill in the art would have been motivated to combine those references and/or products as of the earliest priority date of the '259 patent, and would have had a reasonable expectation of success in doing so.

49. An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether one or more of the claims of the '259 patent are invalid.

50. The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

44

51.   Surgenex is entitled to a judicial declaration that one or more of the claims of the '259 patent are invalid.

## SEVENTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '839 PATENT

52.   Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

53.   Surgenex has not and does not infringe any valid and enforceable claim of the '839 patent.

54.   An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether Surgenex infringed any valid and enforceable claim of the '839 patent.

55.   The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

56.   Surgenex is entitled to a judicial declaration that Surgenex has not and does not infringe, directly or indirectly, one or more of the claims of the '839 patent.

## EIGHTH COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '839 PATENT

57.   Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

58.   One or more claims of the '839 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

59.   One or more claims of the '839 patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 because each and every element of each and every claim of the '839 patent was disclosed expressly in one or more references and/or products which were publicly available before the earliest priority date of the '839 patent, including but not limited to:

- Liu, Q., et al., US2007/0021762, "Ocular plug formed from placenta derived collagen biofabric";

45

- Shenaq, S. M., et al., WO1993/010722, "Fetal membrane tubes for nerve and vessel grafts";
- Tseng, S. C. G., U.S. 6,152,142, "Grafts made from amniotic membrane; methods of separating, preserving, and using such grafts in surgeries";
- Hariri, R., et al., US2004/0048796, "Collagen biofabric and methods of preparation and use therefor";
- Sulner, J., et al., US2007/0038298, "Repair of tympanic membrane using placenta derived collagen biofabric";
- Volkov, M.V., "*Arthroplasty of Joints Using Amniotic Membrane,*" ARTHROPLASTY OF THE HIP 5 (1973): 53-56;
- Vishwakarma, G. K., et al., "*Amniotic Arthroplasty for Tuberculosis of the Hip.*" J. BONE AND JOINT SURGERY 68 (1986): 68-74.
- Miljudin, E. S., et al., "*Silica gel dessication of amniotic membrane with related epithelium cells for ocular surface reconstruction,*" CELL AND TISSUE BANK. 5 (2004): 271-75; and
- Klen, R., "*Preparation of chorion and/or amnion grafts used in burns,*" Research in Burns, 3rd ed., Chpt. 5 (1971): 289-91.

60. A person of ordinary skill in the art would have been motivated to combine those references and/or products as of the earliest priority date of the '839 patent, and would have had a reasonable expectation of success in doing so.

61. An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether one or more of the claims of the '839 patent are invalid.

62. The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

63. Surgenex is entitled to a judicial declaration that one or more of the claims of the '839 patent are invalid.

46

**NINTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '449 PATENT**

64.     Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

65.     Surgenex has not and does not infringe any valid and enforceable claim of the '449 patent.

66.     An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether Surgenex infringed any valid and enforceable claim of the '449 patent.

67.     The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

68.     Surgenex is entitled to a judicial declaration that Surgenex has not and does not infringe, directly or indirectly, one or more of the claims of the '449 patent.

**TENTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '449 PATENT**

69.     Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

70.     One or more claims of the '449 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

71.     One or more claims of the '449 patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 because each and every element of each and every claim of the '449 patent was disclosed expressly in one or more references and/or products which were publicly available before the earliest priority date of the '449 patent, including but not limited to:

- Liu, Q., et al., US2007/0021762, "Ocular plug formed from placenta derived collagen biofabric";
- Shenaq, S. M., et al., WO1993/010722, "Fetal membrane tubes for nerve and vessel grafts";

47

- Tseng, S. C. G., U.S. 6,152,142, "Grafts made from amniotic membrane; methods of separating, preserving, and using such grafts in surgeries";

- Hariri, R., et al., US2004/0048796, "Collagen biofabric and methods of preparation and use therefor";

- Sulner, J., et al., US2007/0038298, "Repair of tympanic membrane using placenta derived collagen biofabric";

- Volkov, M.V., "*Arthroplasty of Joints Using Amniotic Membrane*," ARTHROPLASTY OF THE HIP 5 (1973): 53-56;

- Vishwakarma, G. K., et al., "*Amniotic Arthroplasty for Tuberculosis of the Hip*." J. BONE AND JOINT SURGERY 68 (1986): 68-74.

- Miljudin, E. S., et al., "*Silica gel dessication of amniotic membrane with related epithelium cells for ocular surface reconstruction*," CELL AND TISSUE BANK. 5 (2004): 271-75; and

- Klen, R., "*Preparation of chorion and/or amnion grafts used in burns*," Research in Burns, 3rd ed., Chpt. 5 (1971): 289-91.

72. A person of ordinary skill in the art would have been motivated to combine those references and/or products as of the earliest priority date of the '449 patent, and would have had a reasonable expectation of success in doing so.

73. An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether one or more of the claims of the '449 patent are invalid.

74. The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

75. Surgenex is entitled to a judicial declaration that one or more of the claims of the '449 patent are invalid.

48

**ELEVENTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '174 PATENT**

76.    Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

77.    Surgenex has not and does not infringe any valid and enforceable claim of the '174 patent.

78.    An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether Surgenex infringed any valid and enforceable claim of the '174 patent.

79.    The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

80.    Surgenex is entitled to a judicial declaration that Surgenex has not and does not infringe, directly or indirectly, one or more of the claims of the '174 patent.

**TWELFTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '174 PATENT**

81.    Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

82.    One or more claims of the '174 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

83.    One or more claims of the '17 patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 because each and every element of each and every claim of the '174 patent was disclosed expressly in one or more references and/or products which were publicly available before the earliest priority date of the '174 patent, including but not limited to:

- Liu, Q., et al., US2007/0021762, "Ocular plug formed from placenta derived collagen biofabric";
- Shenaq, S. M., et al., WO1993/010722, "Fetal membrane tubes for nerve and vessel grafts";

49

- Tseng, S. C. G., U.S. 6,152,142, "Grafts made from amniotic membrane; methods of separating, preserving, and using such grafts in surgeries";
- Hariri, R., et al., US2004/0048796, "Collagen biofabric and methods of preparation and use therefor";
- Sulner, J., et al., US2007/0038298, "Repair of tympanic membrane using placenta derived collagen biofabric";
- Volkov, M.V., "*Arthroplasty of Joints Using Amniotic Membrane*," ARTHROPLASTY OF THE HIP 5 (1973): 53-56;
- Vishwakarma, G. K., et al., "*Amniotic Arthroplasty for Tuberculosis of the Hip*." J. BONE AND JOINT SURGERY 68 (1986): 68-74.
- Miljudin, E. S., et al., "*Silica gel dessication of amniotic membrane with related epithelium cells for ocular surface reconstruction*," CELL AND TISSUE BANK. 5 (2004): 271-75; and
- Klen, R., "*Preparation of chorion and/or amnion grafts used in burns*," Research in Burns, 3rd ed., Chpt. 5 (1971): 289-91.

84. A person of ordinary skill in the art would have been motivated to combine those references and/or products as of the earliest priority date of the '174 patent, and would have had a reasonable expectation of success in doing so.

85. An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether one or more of the claims of the '174 patent are invalid.

86. The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

87. Surgenex is entitled to a judicial declaration that one or more of the claims of the '174 patent are invalid.

50

**THIRTEENTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '701 PATENT**

88.    Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

89.    Surgenex has not and does not infringe any valid and enforceable claim of the '701 patent.

90.    An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether Surgenex infringed any valid and enforceable claim of the '701 patent.

91.    The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

92.    Surgenex is entitled to a judicial declaration that Surgenex has not and does not infringe, directly or indirectly, one or more of the claims of the '701 patent.

**FOURTEENTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '701 PATENT**

93.    Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

94.    One or more claims of the '701 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

95.    One or more claims of the '701 patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 because each and every element of each and every claim of the '701 patent was disclosed expressly in one or more references and/or products which were publicly available before the earliest priority date of the '701 patent, including but not limited to:

- Liu, Q., et al., US2007/0021762, "Ocular plug formed from placenta derived collagen biofabric";
- Shenaq, S. M., et al., WO1993/010722, "Fetal membrane tubes for nerve and vessel grafts";

51

- Tseng, S. C. G., U.S. 6,152,142, "Grafts made from amniotic membrane; methods of separating, preserving, and using such grafts in surgeries";

- Hariri, R., et al., US2004/0048796, "Collagen biofabric and methods of preparation and use therefor";

- Sulner, J., et al., US2007/0038298, "Repair of tympanic membrane using placenta derived collagen biofabric";

- Volkov, M.V., "*Arthroplasty of Joints Using Amniotic Membrane*," ARTHROPLASTY OF THE HIP 5 (1973): 53-56;

- Vishwakarma, G. K., et al., "*Amniotic Arthroplasty for Tuberculosis of the Hip.*" J. BONE AND JOINT SURGERY 68 (1986): 68-74.

- Miljudin, E. S., et al., "*Silica gel dessication of amniotic membrane with related epithelium cells for ocular surface reconstruction*," CELL AND TISSUE BANK. 5 (2004): 271-75; and

- Klen, R., "*Preparation of chorion and/or amnion grafts used in burns,*" Research in Burns, 3rd ed., Chpt. 5 (1971): 289-91.

96.    A person of ordinary skill in the art would have been motivated to combine those references and/or products as of the earliest priority date of the '701 patent, and would have had a reasonable expectation of success in doing so.

97.    An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether one or more of the claims of the '701 patent are invalid.

98.    The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

99.    Surgenex is entitled to a judicial declaration that one or more of the claims of the '701 patent are invalid.

52

**FIFTEENTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '137 PATENT**

100.   Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

101.   Surgenex has not and does not infringe any valid and enforceable claim of the '137 patent.

102.   An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether Surgenex infringed any valid and enforceable claim of the '137 patent.

103.   The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

104.   Surgenex is entitled to a judicial declaration that Surgenex has not and does not infringe, directly or indirectly, one or more of the claims of the '137 patent.

**SIXTEENTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '137 PATENT**

105.   Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

106.   One or more claims of the '137 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

107.   One or more claims of the '137 patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 because each and every element of each and every claim of the '137 patent was disclosed expressly in one or more references and/or products which were publicly available before the earliest priority date of the '137 patent, including but not limited to:

- Liu, Q., et al., US2007/0021762, "Ocular plug formed from placenta derived collagen biofabric";
- Shenaq, S. M., et al., WO1993/010722, "Fetal membrane tubes for nerve and vessel grafts";

53

- Tseng, S. C. G., U.S. 6,152,142, "Grafts made from amniotic membrane; methods of separating, preserving, and using such grafts in surgeries";

- Hariri, R., et al., US2004/0048796, "Collagen biofabric and methods of preparation and use therefor";

- Sulner, J., et al., US2007/0038298, "Repair of tympanic membrane using placenta derived collagen biofabric";

- Volkov, M.V., "*Arthroplasty of Joints Using Amniotic Membrane,*" ARTHROPLASTY OF THE HIP 5 (1973): 53-56;

- Vishwakarma, G. K., et al., "*Amniotic Arthroplasty for Tuberculosis of the Hip.*" J. BONE AND JOINT SURGERY 68 (1986): 68-74.

- Miljudin, E. S., et al., "*Silica gel dessication of amniotic membrane with related epithelium cells for ocular surface reconstruction,*" CELL AND TISSUE BANK. 5 (2004): 271-75; and

- Klen, R., "*Preparation of chorion and/or amnion grafts used in burns,*" Research in Burns, 3rd ed., Chpt. 5 (1971): 289-91.

108. A person of ordinary skill in the art would have been motivated to combine those references and/or products as of the earliest priority date of the '137 patent, and would have had a reasonable expectation of success in doing so.

109. An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether one or more of the claims of the '137 patent are invalid.

110. The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

111. Surgenex is entitled to a judicial declaration that one or more of the claims of the '137 patent are invalid.

54

**SEVENTEENTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
**OF THE '697 PATENT**

112. Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

113. Surgenex has not and does not infringe any valid and enforceable claim of the '697 patent.

114. An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether Surgenex infringed any valid and enforceable claim of the '697 patent.

115. The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

116. Surgenex is entitled to a judicial declaration that Surgenex has not and does not infringe, directly or indirectly, one or more of the claims of the '697 patent.

**EIGHTEENTH COUNTERCLAIM**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '697 PATENT**

117. Surgenex incorporates by reference the foregoing paragraphs as if fully set forth herein.

118. One or more claims of the '697 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

119. One or more claims of the '697 patent are invalid as anticipated and/or obvious under 35 U.S.C. §§ 102 and 103 because each and every element of each and every claim of the '697 patent was disclosed expressly in one or more references and/or products which were publicly available before the earliest priority date of the '697 patent, including but not limited to:

- Liu, Q., et al., US2007/0021762, "Ocular plug formed from placenta derived collagen biofabric";
- Shenaq, S. M., et al., WO1993/010722, "Fetal membrane tubes for nerve and vessel grafts";

55

- Tseng, S. C. G., U.S. 6,152,142, "Grafts made from amniotic membrane; methods of separating, preserving, and using such grafts in surgeries";
- Hariri, R., et al., US2004/0048796, "Collagen biofabric and methods of preparation and use therefor";
- Sulner, J., et al., US2007/0038298, "Repair of tympanic membrane using placenta derived collagen biofabric";
- Volkov, M.V., "*Arthroplasty of Joints Using Amniotic Membrane*," ARTHROPLASTY OF THE HIP 5 (1973): 53-56;
- Vishwakarma, G. K., et al., "*Amniotic Arthroplasty for Tuberculosis of the Hip*." J. BONE AND JOINT SURGERY 68 (1986): 68-74.
- Miljudin, E. S., et al., "*Silica gel dessication of amniotic membrane with related epithelium cells for ocular surface reconstruction*," CELL AND TISSUE BANK. 5 (2004): 271-75; and
- Klen, R., "*Preparation of chorion and/or amnion grafts used in burns*," Research in Burns, 3rd ed., Chpt. 5 (1971): 289-91.

120. A person of ordinary skill in the art would have been motivated to combine those references and/or products as of the earliest priority date of the '697 patent, and would have had a reasonable expectation of success in doing so.

121. An actual, substantial, and justiciable controversy exists between Surgenex and MiMedx about whether one or more of the claims of the '697 patent are invalid.

122. The controversy between the parties is amenable to specific relief through a decree of a conclusive character.

123. Surgenex is entitled to a judicial declaration that one or more of the claims of the '697 patent are invalid.

**PRAYER FOR RELIEF**

Wherefore, Surgenex prays for the following relief:

A.  Declare that Surgenex has not and does not infringe one or more of the claims of the Patents-in-Suit;

B.  Declare that one or more of the claims of the Patents-in-Suit are invalid;

C.  Declare that this is an exceptional case and award Surgenex its attorneys' fees and costs pursuant to 35 U.S.C. § 285;

D.  Award attorneys' fees and costs to Surgenex; and

E.  Award such other relief as this Court may deem just and proper, including under 28 U.S.C. § 2202.

Dated: February 20, 2025.

**BEUS O'CONNOR McGRODER PLLC**

By */s/ Thomas A. Gilson*
Thomas A. Gilson
Travis P. Roberts
701 North 44th Street
Phoenix, AZ 85008-6504

Douglas J. Pepe (PHV pending)
David F. Lisner (admitted PHV)
Marvin J. Lowenthal (admitted PHV)
**COHEN & GRESSER LLP**
800 Third Avenue
New York, NY 10022

E. Anthony Figg (admitted PHV)
Joseph A. Hynds (admitted PHV)
Brett A. Postal (admitted PHV)
**ROTHWELL, FIGG, ERNST, & MANBECK, P.C.**
901 New York Avenue, NW, Suite 900 East
Washington, D.C. 20001

*Attorneys for Defendant Surgenex, LLC*