Eric M. Fraser, 027241
Phillip W. Londen, 032488
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 640-9000
efraser@omlaw.com
plonden@omlaw.com

Wesley C. Achey (*pro hac vice*)
John D. Haynes (*pro hac vice*)
Matthew W. Howell (*pro hac vice*)
Eric Pettis (*pro hac vice*)
James Atkison (*pro hac vice*)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000
wes.achey@alston.com
john.haynes@alston.com
matthew.howell@alston.com
eric.pettis@alston.com
james.atkison@alston.com

*Attorneys for Plaintiff/Counterclaim*
*Defendant MiMedx Group, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| MiMedx Group, Inc., | No. 2:24-cv-03558-SMB |
| Plaintiff, | **PLAINTIFF MIMEDX'S RESPONSE IN OPPOSITION TO SURGENEX'S MOTION FOR EXTENSION OF TIME** |
| v. | |
| Surgenex, LLC, | |
| Defendant. | |

## I.    INTRODUCTION

Surgenex asks this Court to extend expert discovery and dispositive motion deadlines by 45 days because, after MiMedx served its Opening burden-of-proof reports, a portion of Surgenex's litigation team withdrew before Surgenex's Rebuttal expert reports were due.

Immediately following the exchange of burden-of-proof expert reports, Surgenex informed MiMedx that the Rothwell Figg law firm would be withdrawing, and requested that MiMedx agree to a three-week extension of the schedule. MiMedx agreed to accommodate Surgenex's transition to new counsel and offered a two-week extension, together with reasonable safeguards to minimize prejudice to MiMedx. But Surgenex rejected that proposal outright. Instead—for the first time in its Motion—Surgenex now seeks a far broader 45-day extension that would substantially delay the case.

Surgenex has failed to show good cause for the additional delay it seeks. MiMedx's proposed two-week extension provides Surgenex's new counsel with the same amount of time currently contemplated by the case schedule to review Opening expert reports and assist in preparing Rebuttal expert reports. Surgenex offers no explanation why its new counsel—working alongside the two other law firms that have remained in the case throughout—requires nearly twice that amount of time.

The full requested extension would also materially prejudice MiMedx. MiMedx has already coordinated expert availability around the existing schedule, including for an expert who resides in England and arranged international travel to appear for deposition in this case. Under Surgenex's proposed schedule, that previously coordinated deposition date would no longer be feasible.

Because the prejudice to MiMedx is real, the need for an extension beyond two weeks is unsupported, and Surgenex has not explained why its own counsel transition warrants the 45-day extension it now seeks, the Court should deny Surgenex's motion and instead adopt MiMedx's proposed limited two-week modification to the schedule.

1

## II.   PROCEDURAL BACKGROUND

On Dec. 15, 2025, this Court granted a Joint Motion for Modification of Deadlines in Case Management Order (Doc. 30) (First Request) (Doc. 125) and entered a revised Case Management Order moving the deadlines for close of fact discovery, expert reports, and dispositive motions.  (Dkt. 128).

Surgenex later requested that the parties jointly seek another extension of the case schedule. MiMedx advised Surgenex of potential conflicts that the schedule change could create with MiMedx's experts' schedules, and that MiMedx could agree only if Surgenex confirmed it would make whatever accommodations were necessary to address scheduling difficulties caused by the extension. Surgenex agreed, and the parties filed a Joint Motion to Modify Dates to Allow for Completion of Outstanding Fact Discovery. (Dkt. 182).

On May 4, 2026, this Court granted a Joint Motion to Modify Dates to Allow for Completion of Outstanding Fact Discovery (Doc. 182) and entered a revised Case Management Order moving the deadlines for final contentions, expert reports, and dispositive motions. (Dkt. 186).

Under the new Case Management Order, the parties exchanged Opening expert reports on July 1, 2026. Only after receiving MiMedx's Opening expert reports did Surgenex inform MiMedx that the Rothwell Figg law firm would no longer be involved in the case.[1]

## III.   ARGUMENT

Surgenex's proposal would significantly prejudice MiMedx's experts. As Surgenex noted in its Motion, MiMedx "explained that one of its testifying experts has very limited availability for a deposition and can only be available on September 2, 2026

---

[1] Surgenex's counsel from two other firms, Rose Law Group PC and Zaiger, Linden, Roberti & Pepe, LLC, remain in the case. Surgenex's Motion does not explain why Rothwell Figg withdrew or why the timing of the withdrawal could not have been avoided.

for a deposition." Br. 4. This expert, who resides in England, has already coordinated his fall schedule around this international travel. Surgenex has long been aware of this issue. When Surgenex requested a second extension to the case schedule in May, MiMedx raised potential conflicts with expert availability and advised Surgenex that it would need assurances that any resulting scheduling difficulties would be accommodated. Surgenex agreed to make whatever accommodations were necessary.

Surgenex's request for a 45-day extension results in this date falling well before the Rebuttal expert report deadline (September 21). Surgenex's offer to "be willing to be flexible in finding another time" or "agree to take this deposition out of time if necessary" does not resolve this issue. It still requires MiMedx's expert to change his already planned international travel and cancel or rearrange his remaining fall schedule to accommodate a different date. The resulting disruption is particularly unwarranted because the requested extension stems from Surgenex's own litigation decisions regarding its counsel team, rather than any development in discovery, expert work, or the merits of the case.

Good cause does not exist for Surgenex's request for a 45-day extension to finish expert reports. The circumstances giving rise to Surgenex's request were not caused by the Court, MiMedx, or any unforeseen development in the litigation. Rather, they arise from Surgenex's own change in one of its three law firms[2] after years of litigation and after the Court and the parties had already invested substantial effort in establishing and implementing the current schedule. Surgenex's Motion states that Rothwell Figg informed Surgenex on July 7 that it intended to withdraw, but Surgenex does not explain why the withdrawal occurred, why its timing could not have been avoided, or why that transition requires a 45-day extension. That omission is critical because Surgenex bears the burden to show good cause for the schedule modification it seeks.

---

[2] Surgenex states that Rothwell Figg handled "technical and patent issues." Br. at 2. But Surgenex seeks a 45-day extension for all Rebuttal expert reports, without explaining why a transition involving only that firm requires additional time for reports addressing non-technical issues, including damages and regulatory issues, or objective-indicia issues already addressed by Surgenex's Opening expert reports.

Further, Surgenex's diligence argument addresses only what it did after Rothwell Figg announced its withdrawal; it says nothing about why the withdrawal occurred, why it occurred immediately after Opening expert reports were served, or why the resulting transition requires nearly twice the time provided by the existing schedule.

MiMedx's offer of a two-week extension provides more than sufficient time for Surgenex's new counsel to review the Opening expert reports and assist Surgenex's experts in preparing Rebuttal expert reports. Under the existing schedule, both parties have 37 days to review the Opening expert reports and assist their experts in preparing Rebuttal expert reports. (*See* Dkt. 186). The two-week extension that MiMedx proposes would provide Surgenex's new counsel, who appeared on July 16 (Dkt. 197), virtually the same amount of time (36 days). Surgenex provides no specific reason why its new counsel requires 67 days to do what the existing schedule required the parties to do in 37 days. Nor does Surgenex explain why that additional time is necessary when two of its three law firms remain in the case and Surgenex's experts remain unchanged.

The timing of Surgenex's request is particularly notable. Surgenex's counsel transition occurred only days after the parties served Opening expert reports, most of which were served by Plaintiff MiMedx as it has the burden on most issues. Surgenex now seeks nearly double the time otherwise afforded by the case schedule to prepare its response to those timely reports. And Surgenex's vague statements about the requested extension being necessary to allow new counsel "sufficient time to become familiar with the case, review the existing record, and complete necessary discovery" do not justify an entire extra month on top of what the case schedule already provides. *See* Br. at 2. Nor does Surgenex explain what "necessary discovery" remains to be completed. Fact discovery closed on May 1, 2026, subject only to limited, already-identified exceptions for certain out-of-time discovery (*See* Dkt. 186). Because MiMedx's proposal affords Surgenex's new counsel the same time as the current scheduling order and avoids prejudice to MiMedx and its experts, the Court should adopt MiMedx's proposal, provided below.

4

At minimum, the Court should reject Surgenex's requested 45-day extension, which was raised for the first time in its Motion. Before filing, Surgenex had requested a three-week extension from MiMedx. Surgenex provides no basis for expanding that request to the 45-day extension it now seeks from the Court.

| Event | Current Deadline | MiMedx Proposal |
|---|---|---|
| Rebuttal expert reports | August 7 | August 21 |
| Close of expert discovery | September 9 | September 23 |
| Deadline to file dispositive motions | September 16 | October 2 |
| Trial Setting Conference | October 5 | October 5 |
| Deadline to file oppositions to dispositive motions | N/A | November 2 |
| Deadline to file replies in support of dispositive motions | N/A | November 17 |

## IV.   CONCLUSION

For the foregoing reasons, MiMedx respectfully requests that the Court deny Surgenex's motion and enter MiMedx's proposed schedule.

5

Dated: July 27, 2026                    Respectfully submitted,


                                        */s/ Wesley C. Achey*
                                        Wesley C. Achey (*pro hac vice*)
                                        John D. Haynes (*pro hac vice*)
                                        Matthew W. Howell (*pro hac vice*)
                                        Eric Pettis (pro hac vice)
                                        James Atkison (*pro hac vice*)
                                        ALSTON & BIRD LLP
                                        One Atlantic Center
                                        1201 West Peachtree Street
                                        Atlanta, Georgia 30309-3424

                                        Eric M. Fraser
                                        Phillip W. Londen
                                        OSBORN MALEDON, P.A.
                                        2929 North Central Avenue, Suite 2000
                                        Phoenix, Arizona 85012

                                        *Attorneys for Plaintiff/Counterclaim*
                                        *Defendant MiMedx Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2026, I caused a copy of the foregoing to be served on counsel of record for all parties via the Court's CM/ECF system.

                                        By: */s/ Wesley C. Achey*
                                        Wesley C. Achey

6