**KERCSMAR & O'HARA PLLC**
Geoffrey S. Kercsmar (#020528)
Grant S. Cragun (#034332)
8800 East Raintree Drive, Suite 310
Scottsdale, Arizona 85260
Telephone: (480) 421-1001
gsk@KandOlaw.com
gsc@KandOlaw.com

**ROSE LAW GROUP PC**
Thomas A. Gilson (#022460)
7144 East Stetson Drive, Suite 300
Scottsdale, Arizona 85251
Telephone: (480) 505-3936
TGilson@roselawgroup.com

**ZAIGER LINDEN ROBERTI & PEPE LLC**
Douglas J. Pepe (admitted *pro hac vice*)
John Roberti (admitted *pro hac vice*)
125 Park Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 540-9577
dpepe@zlrp.com
jroberti@zlrp.com

*Attorneys for Defendant Surgenex, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| MiMedx Group, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Surgenex, LLC,<br><br>Defendant. | No. 2:24-cv-03558-SMB<br><br>**DEFENDANT SURGENEX, LLC'S MOTION TO SEAL PORTIONS OF ITS MOTION FOR SUMMARY JUDGMENT, SEPARATE STATEMENT OF FACTS, AND SUPPORTING EXHIBITS**<br><br>**(Unredacted Documents Lodged Under Seal Pursuant to LRCiv 5.6)** |

Pursuant to LRCiv 5.6 and the Stipulated Protective Order entered in this action (Dkt. 40, the "**Protective Order**"), Defendant Surgenex, LLC ("**Surgenex**") moves for an order sealing (1) Surgenex's Motion for Summary Judgment (the "**Motion**"); (2) Surgenex's Separate Statement of Facts in Support of its Motion for Summary Judgment (the "**SSOF**"); and (3) SSOF exhibits F, G, H, I, J, K, L, M, N, R, S, T, U, V, W, X, Y, Z, AA, CC, DD, KK, LL, and MM.

Unredacted versions of each document are lodged under seal contemporaneously with this Motion pursuant to LRCiv 5.6(c). Redacted versions of the Motion and the SSOF, and the non-confidential exhibits, are filed on the public docket.

The material Surgenex asks the Court to seal falls into two categories.

**Surgenex's own confidential manufacturing information.** Surgenex seeks to seal its standard operating procedures and batch records for the Accused Products (SOP 8.4, SOP 8.5, SOP 8.11, the SurGraft XTC processing procedure, and Batch Record BT.2107), its packaging-validation records, and the specific portions of deposition testimony, expert reports, the Motion, and the SSOF that quote or describe the step-by-step processing, folding, drying, packaging, and sterilization parameters set out in those documents. This material consists of confidential manufacturing procedures whose disclosure would harm Surgenex's competitive standing. The request to seal is narrowly tailored to that material, and the sealed material is not necessary to the public's understanding of the issues presented by the Motion.

Compelling reasons exist to protect this "sensitive proprietary information" from disclosure "because only [Surgenex] has access to the information and uses it to 'obtain an advantage' over its competitors." *GoDaddy.com, LLC v. RPost Commc'ns Ltd.*, 2016 WL 3068638, at *4 (D. Ariz. June 1, 2016). Courts in this District have long recognized that "the common-law right of inspection has bowed before the power of a court to insure that its records" do not "serve as...sources of business information that might harm the litigant's competitive standing." *Id.* at *3 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also, e.g.*, *In re Elec. Arts, Inc.*, 298 Fed. App'x. 568, 569-70

(9th Cir. 2008) (in the business context, a "trade secret may consist of any. . . compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it"). Accordingly, these compelling reasons outweigh the public interest in access to the limited material at issue. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016).

**Material designated confidential by MiMedx.** Certain exhibits contain information that Plaintiff MiMedx Group, Inc. ("**MiMedx**") designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Protective Order. Pursuant to LRCiv 5.6(d), counsel for Surgenex will confer with counsel for MiMedx regarding whether those materials require sealing and whether the parties could stipulate to the treatment of those materials. Surgenex therefore lodges the remaining MiMedx-designated exhibits under seal, files pending a conferral process with MiMedx, and serves a Notice of Lodging concurrently herewith.

Under LRCiv 5.6(d), MiMedx must, within fourteen days of service, either withdraw its confidentiality designations or file its own motion to seal. Surgenex takes no position on whether MiMedx's designations satisfy the compelling-reasons standard.

A proposed form of order is lodged separately as required by LRCiv 5.6(b).

Dated: October 30, 2026

By: */s/ Douglas J. Pepe*

Geoffrey S. Kercsmar
Grant S. Cragun
KERCSMAR & O'HARA PLLC
8800 East Raintree Drive, Suite 310
Scottsdale, Arizona 85260

Thomas A. Gilson
ROSE LAW GROUP PC
7144 East Stetson Drive, Suite 300
Scottsdale, Arizona 85251

Douglas J. Pepe (admitted *pro hac vice*)
John Roberti (admitted *pro hac vice*)
ZAIGER LINDEN ROBERTI & PEPE LLC
125 Park Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 540-9577
dpepe@zlrp.com
jroberti@zlrp.com

*Attorneys for Defendant Surgenex, LLC*